# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

### JANUARY 1998 SESSION

FILED

February 12, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| | ) | NO. 02C01-9705-CC-00162 |
| Appellee, | ) | |
| | ) | MADISON COUNTY |
| VS. | ) | |
| | ) | HON. WHIT LAFON, |
| RAYMOND LEVI JONES, JR., | ) | JUDGE |
| | ) | |
| Appellant. | ) | (Probation Revocation) |

**FOR THE APPELLANT:**

**GEORGE MORTON GOOGE**
**(at trial and of counsel on appeal)**
District Public Defender

**STEPHEN P. SPRACHER**
**(at trial and hearing)**
Assistant Public Defender
227 West Baltimore
Jackson, TN 38301-6137

**CLIFFORD K. MCGOWN, JR.**
**(on appeal only)**
113 North Court Square
P.O. Box 26
Waverly, TN 37185

**FOR THE APPELLEE:**

**JOHN KNOX WALKUP**
Attorney General and Reporter

**ELIZABETH RYAN**
Assistant Attorney General
Cordell Hull Building, 2nd Floor
425 Fifth Avenue North
Nashville, TN 37243-0493

**JERRY WOODALL**
District Attorney General

**JAMES W. THOMPSON**
Assistant District Attorney General
225 Martin Luther King Dr.
P.O. Box 2825
Jackson, TN 38302-2825

**OPINION FILED:** _____

**AFFIRMED**

**JOE G. RILEY,**
**JUDGE**

**OPINION**

The defendant, Raymond Levi Jones, Jr., appeals the Madison County Circuit Court's order revoking his probation. The sole issue presented for review is whether the trial court erred in revoking his probation. The judgment of the trial court is affirmed.

**I.**

The defendant pled guilty in August 1996 to two (2) counts of sexual battery. The defendant was sentenced to two (2) years supervised probation on each count as a Range I offender. The sentences were ordered to run consecutively.

The terms of the defendant's probation were that he pay court costs at a rate of $50 per month, attend counseling, avoid contact with the victims and their families, and perform 200 hours of community service.

In November 1996, a probation violation report was filed alleging the defendant failed to pay court costs as ordered. In January 1997, a second probation report violation was filed alleging the failure to pay supervision fees, failure to pay court costs, failure to perform community service, and having contact with one of the victims.

The trial court held a probation revocation hearing on January 21, 1997. Based upon the testimony adduced at the hearing, the court found the defendant had violated his probation by having contact with one victim, failing to perform community service, and failing to properly pay costs. The trial court then revoked the defendant's probation.

## II.

A trial court may revoke probation and order the imposition of the original sentence upon a finding by a preponderance of the evidence that the person has violated a condition of probation. Tenn. Code Ann. §§ 40-35-310, 311. The decision to revoke probation rests within the sound discretion of the trial court. State v. Mitchell, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991). Probation revocations are subject to an abuse of discretion, rather than a *de novo* standard of review. State v. Harkins, 811 S.W.2d 79, 82 (Tenn. 1991). An abuse of discretion is shown if the record is devoid of substantial evidence to support the conclusion that a probation violation has occurred. Id. The evidence at the revocation hearing need only show that the trial court exercised a conscientious and intelligent judgment in making its decision. State v. Leach, 914 S.W.2d 104, 106 (Tenn. Crim. App. 1995).

## III.

The defendant's contention that the trial court erred in revoking his probation is without merit. The trial court found that the defendant violated three (3) separate provisions of his probation order. The evidence at the hearing clearly supported these findings. There does not appear to be an abuse of discretion by the trial court's action; therefore, the judgment of the trial court is AFFIRMED.

_____
**JOE G. RILEY, JUDGE**

**CONCUR:**

_____
**JOE B. JONES, PRESIDING JUDGE**

_____
**PAUL G. SUMMERS, JUDGE**